UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

XIONG MOUA,

                  Petitioner,

v.

WARDEN,

                  Respondent.

No. 1:26-cv-02238-DJC-JDP

ORDER

A# 073-279-490

      Petitioner Xiong Moua is an immigration detainee proceeding with a Petition for Writ of Habeas Corpus (Pet. (ECF No. 1)).  The Court directed respondent to file a Return under 28 U.S.C. § 2243.  (ECF No. 6.)  Respondents have now responded to the Court's order.  (Opp'n (ECF No. 9).)

## BACKGROUND

      Petitioner, who was originally born in Thailand, is presently in the custody of Immigration and Customs Enforcement ("ICE").  (Pet. at 2.)  Petitioner was ordered removed from the United States on March 26, 2003.  (*Id.*; Boyd Decl. (ECF No. 9-1) ¶ 11.)  Following the order of removal, Petitioner was placed in ICE custody.  (Pet. at 2; Boyd Decl. ¶¶ 11–12.)  Petitioner was ultimately released on an order of supervision after the Government was unable to remove him.  (Pet. at 2; Boyd Decl. ¶ 12.)  On February 20, 2026, Petitioner was re-detained by ICE.  (Pet. at 2; Boyd Decl. ¶ 13.)

1

**DISCUSSION**

Petitioner has established that his re-detention violates 8 C.F.R. § 241.13(i)(2) and is unconstitutional as it amounts to indefinite detention.  It is undisputed that Petitioner is subject to a final removal order.  As such, ICE has the authority to detain Petitioner to affect his removal as a non-citizen.  *See Phan v. Becerra*, No. 2:25-cv-01757-DC-JDP, 2025 WL 1993735, at *3 (E.D. Cal. July 16, 2025); *see also* 8 U.S.C. § 1231.  However, Petitioner was previously released from custody.

Where a noncitizen subject to a final order of removal has been released, revocation of that release is governed by 8 C.F.R. § 241.13(i).  *See Hoac v. Becerra*, No. 2:25-cv-01740-DC-JDP, 2025 WL 1993771, at *3 (E.D. Cal. July 16, 2025).  Section 241.13(i)(2) provides that revocation of release is permissible "if, on account of changed circumstances, the Service determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future."  The Court may not, in the first instance, make an individualized finding that a change in circumstances has occurred.  *See Hoac*, 2025 WL 1993771, at *3.  "[W]hen ICE revokes release to effectuate removal, it is ICE's burden to show a significant likelihood that the alien may be removed."  *Vu v. Noem*, No. 1:25-cv-01366-KES-SKO, 2025 WL 3114341, at *5 (E.D. Cal. Nov. 6, 2025) (cleaned up) (quoting *Escalante v. Noem*, No. 9:25-cv-00182-MJT, 2025 WL 2206113, at *3 (E.D. Tex. Aug. 2, 2025)); *see Nguyen v. Charles*, No. 1:25-cv-01592-TLN-CSK, 2025 WL 3492117, at *3 (E.D. Cal. Dec. 4, 2025).  Where ICE has made a determination that a change of circumstances has occurred, the Court reviews that claim in light of the factors described in 8 C.F.R. § 241.13(f).  *See Hoac*, 2025 WL 1993771, at *3.  These factors include, but are not limited to:

> [T]he history of the alien's efforts to comply with the order of removal, the history of the Service's efforts to remove aliens to the country in question or to third countries, including the ongoing nature of the Service's efforts to remove this alien and the alien's assistance with those efforts, the reasonably foreseeable results of those efforts, and the views of the Department of State regarding the

> prospects for removal of aliens to the country or countries in question.

8 C.F.R. § 241.13(f).

Here, the Government has not made any meaningful showing that there is a change in circumstances justifying Petitioner's detention.  Respondent exclusively rely on a single, brief declaration from Deportation Officer Bradon Boyd that states, in relevant part, that "[a] travel document request has been submitted to the government of Laos[,]" and that "[o]ver the last year, DHS has obtained travel documents from Laos for similarly situated criminal aliens who are subject to executable final orders of removal."  (Boyd Decl. ¶¶ 14–15.)  No additional information establishing the foreseeability of removal is provided.

Given the failure to provide any concrete evidence that Petitioner is likely to be removed, Respondents have failed establish that any of the factors under 8 C.F.R. § 241.13(f) weigh in favor of a finding that there has been a change in circumstances. The government has been unable to remove Petitioner for over two decades.  That the Government has submitted a request for travel documents does not establish that removal is reasonably foreseeable.  The bare assertion that the Government has received travel documents for "similarly situated criminal aliens" without any further supporting context and information is not also not sufficient basis to establish any of the section 241.13(f) factors weight in favor of a change in circumstances. Respondents have thus failed to carry their burden that there has been a change in circumstances.[1]  Accordingly, Petitioner has established that his present detention violates 8 C.F.R. § 241.13 and is thus unlawful.

////

////

---

[1] In so finding, the Court does not determine that it is necessarily impossible that Respondents will be unable to show a change of circumstances in the future.  But it is Respondents' burden to establish a change in circumstances, and they are clearly unable to meet that burden at this time.

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED as to Count 4 of the Petition.[2]

2. Respondents are ordered to immediately release Xiong Moua from their custody.  Respondents shall not impose additional restrictions on him than were already present prior to Petitioner's current detention, unless they are determined to be necessary at a future pre-deprivation/custody hearing.

3. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner a change in circumstances to warrant Petitioner's re-detention.

4. The Clerk is directed to serve Golden State Annex with a copy of this Order.

5. The Clerk of the Court is directed to close this case and enter judgment for Petitioner.  This Order resolves all pending motions.

IT IS SO ORDERED.

Dated:   **April 2, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

---

[2] In the interests of judicial economy, the Court declines to address the remaining grounds for relief in the Petition.

4